**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Noel Nunn,

Plaintiff

v.

High Desert State Prison,

Defendant

Case No.: 2:26-cv-01986-JAD-BNW

**Order Denying In Forma Pauperis Application**

[ECF No. 1]

Pro se plaintiff Noel Nunn, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC)[1], has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed in forma pauperis.[2] I deny Nunn's in forma pauperis application because he has more than three strikes under the Prison Litigation Reform Act (PLRA), and his complaint does not plausibly allege that he faced an ongoing danger of serious physical injury when he filed it. **If Nunn wishes to proceed with this action, then he must pay the full $405 filing fee by December 16, 2026.**

**Discussion**

**A. Legal standard**

The PLRA instructs that no prisoner may "bring a civil action or appeal a judgment in a civil action or proceeding" under in forma pauperis status "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

[1] Nunn is assigned NDOC #1252474 and also known as Tyrone Nunn, among other aliases.

[2] ECF Nos. 1-1, 1.

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3] The Ninth Circuit explained in *Andrews v. Cervantes* that the exception to § 1915(g) applies only if the prisoner makes a plausible allegation that he or she faced "an ongoing danger" of serious physical injury "at the time the complaint was filed."[4] "The prisoner may meet this requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice."[5] If the prisoner satisfies the exception, it applies to the entire complaint, not on a claim-by-claim basis or only for certain types of relief.[6]

**B. Nunn has more than three strikes under the PLRA.**

Nunn initiated this lawsuit on June 30, 2026, while he was incarcerated at High Desert State Prison.[7] In one of Nunn's earlier lawsuits, the district court found that he was subject to the PLRA's three-strikes rule. As that court explained, on at least seven prior occasions while he was detained or incarcerated, Nunn brought civil actions that were dismissed because he failed to state a claim upon which any relief could be granted.[8]

---

[3] 28 U.S.C. § 1915(g).

[4] *Andrews v. Cervantes*, 493 F.3d 1047, 1055–56 (9th Cir. 2007).

[5] *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (citation modified) (quoting *Andrews*, 493 F.3d at 1057).

[6] *Andrews*, 493 F.3d at 1052.

[7] ECF No. 1 at 1.

[8] *Nunn v. Ely State Prison*, Case No. 2:25-cv-01736-APG-DJA (D. Nev. Sept. 22, 2025), ECF No. 3 at 1 n.1 (designating as three strikes and recounting *Nunn v. L.A. Trama*, 3:23-cv-00646-MMD-CLB (dismissed on January 24, 2024, for failure to state a claim); *Nunn v. State of Nevada*, 2:24-cv-01239-GMN-EJY (dismissed on March 4, 2025, for failure to state a claim); *Nunn v. State of Nevada*, 2:24-cv-01286-RFB-BNW (dismissed on May 29, 2025, for failure to state a claim); *Nunn v. High Desert State Prison,* 2:24-cv-01323-RFB-NJK (dismissed on June 3, 2025, for failure to state a claim); *Nunn v. High Desert State Prison*, 2:24-cv-01955-JAD-EJY (dismissed on June 20, 2025, for failure to state a claim); *Nunn v. Department of Corrections*, 2:24-cv-02149-CDS-MDC (dismissed on June 16, 2025, for failure to state a claim); and *Nunn v.*

**C. Nunn's complaint does not satisfy § 1915(g)'s exception.**

As outlined above, on at least three occasions before Nunn initiated this action, federal courts dismissed civil actions that he commenced while he was incarcerated because he failed to state a claim upon which relief could be granted. So to be granted *in forma pauperis* status and proceed in this action without prepaying the full $405 filing fee, his complaint must plausibly allege that Nunn faced an "imminent danger of serious physical injury" when he filed it.[9]

Nunn vaguely alleges that prison officials will not allow him to attend a court hearing and the computers are down.[10] He seeks to re-calendar a mediation conference with James Dzurenda in an unidentified action.[11] He also asks that the prison and its administrators be held in contempt and fined $500, and that he be transferred to Clark County Detention Center.[12] There are no factual allegations that Nunn faced "an ongoing danger" of "serious physical injury" when he filed the complaint. Because the complaint does not satisfy § 1915(g)'s imminent-danger exception, Nunn must pre-pay the full $405 filing fee if he wants to proceed with this civil-rights action.

**Conclusion**

IT IS THEREFORE ORDERED that Nunn's application to proceed *in forma pauperis* **(ECF No. 1) is DENIED** because he has more than three strikes under the PLRA and his complaint does not satisfy 28 U.S.C. § 1915(g)'s imminent-danger exception.

---

*High Desert State Prison*, 2:24-cv-02118-CDS-NJK (dismissed on August 11, 2025, for failure to state a claim)).

[9] 28 U.S.C. § 1915(g).

[10] ECF No. 1-1 at 1.

[11] *Id.* at 2.

[12] *Id.*

IT IS FURTHER ORDERED that this action will be dismissed without prejudice unless Nunn pays the full $405 filing fee **by December 16, 2026.**

Dated: November 16, 2026

U.S. District Judge